UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WILLIAM RONCAIOLI AND<br>ANNE RONCAIOLI,<br><br>CLAIMANTS,<br><br>v.<br><br>INVESTEC ERNST & COMPANY,<br>ROYCE INVESTMENT GROUP, INC.<br>and JOSEPH RUDY,<br><br>RESPONDENTS. | CIVIL ACTION NO. 302CV2113SRU<br>(Bridgeport)<br><br>October 22, 2003 |

### OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION

Respondents, Investec Ernst & Company and Joseph Rudy ("Respondents"), by and through their undersigned counsel, hereby oppose the Plaintiffs' Motion for Reconsideration. In opposition thereto, Respondents state as follows:

**I.   INTRODUCTION:**

On September 25, 2003, this Court granted Respondents' Motion to Dismiss for failure of the Plaintiffs to state a claim upon which relief can be granted and denied Plaintiffs' Cross-Motion for Summary Judgment. Plaintiffs thereafter filed a Motion for Reconsideration, arguing that the Court overlooked "pertinent Second Circuit and foreign authority" (Plaintiffs' Memorandum in Support of Motion for Reconsideration, p.2) by not vacating Plaintiffs' NASD arbitration award because it failed to include an award of attorneys' fees.[1] Plaintiffs are seeking

---

[1] Plaintiffs do not challenge in their Motion for Reconsideration the Court's ruling that Plaintiffs failed to state a claim that the arbitration panel awarded interest over an improper period. Plaintiffs appear to abandon this argument in their Motion for Reconsideration and thus concede the correctness of the Court's ruling on the awarded interest.

1479380.1

"another bite at the apple" by presenting facts and arguments that have been previously considered and rejected by this Court. This Court has not overlooked matters or Second Circuit law and in addition, it is not obligated to follow Florida law as it is not controlling. Under the Local Rules, a motion for Reconsideration must set forth <u>controlling</u> authority overlooked by the Court. Plaintiffs have not met their threshold requirement for a motion under Fed.R.Civ.P. 59(e) and accordingly, their Motion for Reconsideration should be denied.

## II.  **STANDARD OF REVIEW**:

"The standard for granting a motion for reconsideration is strict." *Channer v. Brooks*, 2001 WL 1094964 (D.Conn. 2001). "Reconsideration of a court's previous order is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scare judicial resources.'" *Parrish v. Sollecito*, 2003 WL 1618137, *1 (S.D.N.Y. 2003) (quoting *In re Health Management Systems Inc. Secs. Litig.*, 113 F.Supp. 613, 614 (S.D.N.Y. 2000)). "A motion for reconsideration 'is not simply a second opportunity for the movant to advance arguments already rejected.'" *Connecticut State Dept. of Social Services v. Thompson*, 242 F.Supp.2d 127, 163 (D.Conn. 2002) (quoting *Shrader v. CSX Transportation, Inc.*, 70 F.3d 255, 257 (2nd Cir. 1995)). Plaintiffs are required to demonstrate that the Court failed to consider "'controlling decisions or factual matters that were put before it on the underlying motion,' and which, had they been considered, might reasonably have led to a different result." *Ansoumana v. Gristede's Operating Corp.*, 2003 WL 1057153, *1 (S.D.N.Y. 2003) (quoting *Hoepker v. Kruger*, 2001 WL 987937, *1 (S.D.N.Y. 2001)). "Reconsideration may be granted to correct clear error, prevent manifest injustice or review the court's decision in light of the availability of new evidence." *Parrish v. Sollecito, supra*, 2003 WL 1618137, *1. However, it is not an

2

1479380.1

opportunity "to argue those issues already considered when a party does not like the way the original motion was resolved." *In re Houbigant, Inc.*, 914 F.Supp. 997, 1001 (S.D.N.Y. 1996).

### III. THIS COURT DID NOT OVERLOOK MATTERS OR CONTROLLING DECISIONS IN GRANTING RESPONDENTS' MOTION TO DISMISS

Plaintiffs argue that the arbitration panel could not have ruled in Plaintiffs' favor on any of the claims without finding in favor of the CUSA claim because "all of plaintiffs' claims were predicated on the same conduct - defendants' violation of the securities laws..." Plaintiffs' Memorandum in Support of Motion for Reconsideration, p.1. This is simply a rehashing of an argument that was previously rejected by the Court in its Ruling. A motion for reconsideration "is not simply a second opportunity for the movant to advance arguments already rejected." *Shrader v. CSX Transportation, Inc., supra*, 70 F.3d at 257.

As pointed out in the Court's Ruling, the arbitration panel may have applied New York law, not Connecticut law, when deciding the claims. *See* Ruling On Pending Motions, p. 10. The arbitration panel could have found that New York law applied to the arbitration where the Agreement between the parties specified that New York law applied to all arbitration disputes. *See* Respondents' Exhibit B to Motion to Dismiss. Respondents indeed argued to the arbitration panel that CUSA did not apply because New York law governed the claims based upon the Agreement between the parties. *See* Affidavit of Edward J. Boyle In Reply To Claimants' Opposition To Motion To Dismiss And In Opposition To Motion For Summary Judgment, ¶13. Plaintiffs overlook this fact in their Motion for Reconsideration. Further, Plaintiffs overlook the fact that multiple theories of recovery were presented to the panel, were all challenged by Respondents and that the arbitration panel considered all of the theories of recovery. There is more than a colorable justification for the arbitrators' denial of attorneys' fees and accordingly,

3

Plaintiffs' Motion for Reconsideration should be denied.[2] *See The GMS Group, LLC v. Benderson*, 326 F.3d 75, 78 (2nd Cir. 2003) ("especially where there is no written opinion, we have stated '[i]f a ground for the arbitrator's decision can be inferred from the facts of the case, the award should be confirmed.'") (quoting *Fahnestock & Co. v. Waltman*, 935 F.2d 512, 516 (2nd Cir. 1991)).

Plaintiffs next argue that the Court overlooked "pertinent Second Circuit and foreign authority" by requiring Plaintiffs to demonstrate evidence that the arbitration panel ruled in favor of the CUSA claim. (Plaintiffs' Memorandum in Support of Motion for Reconsideration, p. 2.) Plaintiffs cite *Barbier v. Shearson Lehman Hutton, Inc.*, 948 F.2d 117, 120-121 (2nd Cir. 1991) for the proposition that "[t]he Second Circuit has held that an arbitration award ' in full and final settlement of all claims between the parties', as in this case, is an award in the plaintiff's favor on all of the claims presented that were not dismissed."[3] *Id.* Even under the most liberal interpretation of the *Barbier* decision, there is absolutely no support for this proposition as set forth by Plaintiffs. Rather, in *Barbier*, the stock broker claimed that the arbitration award should be vacated in its entirety because the panel based its award on claims that had been withdrawn from consideration and failed to consider all issues presented. 948 F.2d

---

[2] Plaintiffs' reliance on *Hardy v. Walsh Manning Securities*, 341 F.3d 126 (2nd Cir. 2003) for support that the Court speculated that the common law claims prevailed "overlooks the most recent Second Circuit authority *rejecting* speculation that the arbitrators premised liability for which there was no evidence to support in order to affirm the award" (Plaintiff's Memorandum, p.3) is misplaced. *Hardy* rather stated that a court must confirm the arbitrators' award if it is able to discern any colorable justification for the arbitrators' judgment, even if that reasoning would be based on an error of fact or law. 341 F.3d at 131. In *Hardy*, no one pointed to any evidence in the record that provided a colorable justification for the arbitrators' conclusion. *Id.* In this case, the Respondents have pointed to evidence that provides more than a colorable justification for the arbitrators' denial of attorneys' fees.

[3] Plaintiffs made this same argument to the Court in its Motion for Summary Judgment, although relying on a different case, *Cotton v. Slone*, 4 F.3d 176, 181 (2nd Cir. 1993). The Court found that "[t]he award in this case was not rendered as a result of procedural default, so there is no reason to presume that the panel found in favor of plaintiffs on all of their many claims." *See* Ruling On Pending Motions, p. 9.

4

1479380.1

at 118. His argument was based on a review of the "Case Summary" as set forth by the panel. The stock broker argued that the award was improperly based on an assault claim that had been withdrawn from the panel's consideration. The Second Circuit rejected this argument noting that although the assault claim appeared in the "Case Summary", there was no indication that the award was based on that claim. 948 F.2d at 121. Further, the stock broker alleged that the panel did not consider the claims of breach of contract, breach of fiduciary duty, negligence and recklessness because they were not included under the "Case Summary." "Unauthorized trades" appeared on the Case Summary despite "unauthorized trades" not being listed on the plaintiffs' Statement of Claim. *Id.* The Second Circuit found that the arbitrators claims of breach of contract, breach of fiduciary duty, negligence and recklessness were included in the all encompassing term of "unauthorized trading" and that there was evidence to support the award. *Id.*

Nowhere did the Second Circuit indicate in *Barbier* that an arbitration award in full and final settlement of all claims between the parties is an award in the plaintiff's favor on all of the claims presented that were not dismissed. Rather the Second Circuit determined that the district court found, as it did in this case, that "after a complete review of the parties' submissions, that the Panel 'considered all of the claims prior to rendering [its] award.'" *Id.* (quoting *Barbier v. Shearson Lehman Hutton, Inc.*, 752 F.Supp. 151, 164 (S.D.N.Y. 1990)). Similarly, this Court found that, "[I]ndeed, all of the pleadings submitted to the panel indicate that multiple theories of recovery were presented and challenged throughout the arbitration proceedings." *See* Ruling On Pending Motions, p. 10. Like *Barbier* where the Second Circuit found that there was no evidence to indicate that the lump sum award was based on the assault claim, there is no

1479380.1

evidence to indicate that the panel based its award on the CUSA claim where the Respondents challenged the applicability of the CUSA claim throughout the arbitration proceedings.

Plaintiffs' claim that the Court overlooked Florida law in rendering its decision should also be rejected. Under Local Rule 7(c) which governs motions for reconsideration, the Plaintiffs are required to "set forth concisely the matters or <u>controlling</u> decisions which counsel believes the court overlooked in the initial decision or order." (underline added). The Florida Supreme Court decisions pointed out by Plaintiffs are inapposite. They are not controlling authority for this Court and accordingly, are not grounds for granting Plaintiffs' Motion for Reconsideration. The Second Circuit law is clear and unambiguous that the arbitrators need not give reasons for their determinations and that a lack of accompanying justification for the award will not render it in manifest disregard of the law. *Folkways Music Publishers, Inc. v. Weiss*, 989 F.2d 108, 112 (2nd Cir. 1993). *See also DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 823 (2nd Cir. 1997) ("The arbitrators did not state their reasons for denying DiRussa attorney's fees, nor were they required to do so."); *Sobel v. Hertz, Warner & Co.*, 469 F.2d 1211, 1215 (2nd Cir. 1972).

The Court properly found that the arbitrators did not act in manifest disregard of the law and that Plaintiffs had failed to state a claim upon which relief can be granted. Plaintiffs' Motion for Reconsideration should be denied as Plaintiffs fail to set forth any matters or controlling decisions overlooked by this Court in granting Respondents' Motion to Dismiss. To the contrary, the Court reviewed and carefully rejected the arguments presented by Plaintiffs.

## IV.    CONCLUSION

Respondents Investec Ernst & Company and Joseph Rudy respectfully request that the Court deny Plaintiffs' Motion for Reconsideration.

Dated: New York, New York
       October 22, 2003

                              Respectfully submitted,

                              WILSON, ELSER, MOSKOWITZ, EDELMAN
                              & DICKER LLP

By: _____
                              Edward J. Boyle (Ct 28885)
                              Attorneys for Respondents
                              150 East 42nd Street
                              New York, New York 10017-5639
                              (212) 490-3000
                              Boylee@wemed.com

                              Fred Knopf (Ct-09427)
                              Attorneys for Respondents
                              3 Gannett Drive
                              White Plains, New York 10604-3407
                              Phone (914) 323-7000, Ext. 4217
                              Facsimile (914) 323-7001
                              Knopff@wemed.com

                              Fred Knopf
                              One Stamford Plaza
                              263 Tresser Boulevard
                              9th Floor, Stamford, CT 06901
                              Tel: (203) 564-1900
                              Fax: (203) 564-1402

To:    Eliot B. Gersten, Esq.
        John P. Clifford, Esq.
        Gersten & Clifford
        214 Main Street
        Hartford, Connecticut 06106

        The Honorable Stefan R. Underhill (courtesy copy)
        United States District Judge
        United States District Court, District of Connecticut
        915 Lafayette Boulevard
        Bridgeport, CT 06604

1479380.1

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK      )
                                              ) ss.:
COUNTY OF NEW YORK  )

**MARIA E. NEGRON**, being duly sworn, deposes and says: that deponent is not a party to the action, is over 18 years of age and resides at New York, New York.

That on the 22nd day of October, 2003, deponent served the within **OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION** upon:

> Eliot B. Gersten, Esq.
> John P. Clifford
> Gersten & Clifford
> 214 Main Street
> Hartford, Connecticut 06106
> ***VIA FEDERAL EXPRESS***

> The Honorable Stefan R. Underhill (courtesy copy)
> United States District Judge
> United States District Court, District of Connecticut
> 915 Lafayette Boulevard
> Bridgeport, CT 06604
> ***VIA FEDERAL EXPRESS***

At the address designated by said attorney for that purpose by depositing a true copy of same enclosed in a postpaid, properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office within the States of New York.

_____
MARIA E. NEGRON

Sworn to before me this
22nd day of October, 2003

_____
NOTARY PUBLIC

ELENA RUOCCO
Notary Public, State of New York
No. 01RU4862213
Qualified in Kings County
Commission Expires June 23, 2006

1481027.1