UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WILLIAM RONCAIOLI AND ANNE RONCAIOLI, | : | |
| Plaintiffs, | : | CIVIL ACTION NO. |
| | : | 3:02cv2113 (SRU) |
| v. | : | |
| | : | |
| INVESTEC ERNST & COMPANY, ROYCE INVESTMENT GROUP, INC. AND JOSEPH RUDY, | : | |
| Defendants. | : | |

## RULING ON MOTION FOR RECONSIDERATION

The plaintiffs, William and Anne Roncaioli, have moved for reconsideration of my ruling dismissing their claims and denying them summary judgment (doc. # 20). In that ruling, I held that the arbitration panel's decision not to award attorneys' fees was not in "manifest disregard for the law," because the panel could have found for plaintiffs on their common law claims – which do not require an award of attorney's fees – and not on their claims for violation of the Connecticut Uniform Securities Act ("CUSA") – which do. Roncaioli v. Investec Ernst & Co., 2003 WL 22244936 (D. Conn. Sept. 26, 2003). The plaintiffs ask me to reconsider, arguing that (1) there is no way the arbitration panel could have found liability for the common law claims and not the CUSA claims, and (2) the panel's unexplained opinion must be read as finding for the plaintiffs on *all* their claims. Both arguments were addressed in my previous opinion.

As to the first argument, the arbitration panel could very well have found for the plaintiffs on their common-law claims and not on their CUSA claim, because, if nothing else, it was possible the panel found Connecticut law not to apply. Roncaioli, 2003 WL 22244963 at *6. As to the second argument, as I noted in my previous opinion, there is no indication that the law governing review of an arbitrator's award requires a finding that an unexplained favorable ruling

is a favorable ruling on *all* claims. Id. at *5. The additional cases cited by the plaintiffs in their new brief are not to the contrary. See <u>Hardy v. Walsh Manning Securities, LLC</u>, 341 F.3d 126 (2d Cir. 2003) (holding that, although ordinarily a court will infer any ground in support of arbitrator's award, this was not possible where the arbitrator *explicitly* based his award on an impermissible ground); <u>Barbier v. Shearson Lehman Hutton, Inc.</u>, 948 F.2d 117 (2d Cir. 1991) (refusing to vacate award on grounds that arbitrator had not ruled on all claims, when it could be inferred from the language of decision that all claims were, in fact, decided).

The rule in the Second Circuit was, and is, that if a ground for an arbitrator's decision can be inferred from the facts of the case, the award should be confirmed. <u>Sobel v. Hertz Warner & Co.</u>, 469 F.2d 1211, 1216 (2d Cir. 1972). Nothing in the plaintiffs' papers convinces me that my initial conclusion – that such an inference is possible in this case – was erroneous.

For the aforementioned reasons, the plaintiffs' motion for reconsideration (doc. # 22) is GRANTED, but on reconsideration the relief requested is DENIED.

It is so ordered.

Dated at Bridgeport, Connecticut, this 30th day of April 2004.

    /s/ Stefan R. Underhill
    Stefan R. Underhill
    United States District Judge