UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WILLIAM RONCAIOLI AND<br>ANNE RONCAIOLI,<br>    PLAINTIFFS,<br><br>vs.<br><br>INVESTEC ERNST & COMPANY<br>ROYCE INVESTMENT GROUP, INC.<br>and JOSEPH RUDY<br>    DEFENDANTS | CIVIL ACTION NO.302CV2113(SRU)<br><br><br><br><br><br>MAY 18, 2004 |

**NOTICE OF APPEAL**

Pursuant to Rule 4 (a) (1) of the Federal Rules of Appellate Procedure, William Roncaioli and Anne Roncaioli, the Plaintiffs in the above-captioned action hereby give notice and appeal to the United States Court of Appeals for the Second Circuit, from: the ruling and final judgment dismissing their claims on the plaintiff's Motion for Summary Judgment (doc.20) dated September 26, 2003 as subsequently confirmed in the ruling on their Motion for Reconsideration (doc. 25) dated April 30, 2004.

PLAINTIFFS,
WILLIAM RONCAIOLI AND
ANNE RONCAIOLI

By: _____
Eliot B. Gersten (ct05321)
Gersten & Clifford
214 Main Street
Hartford, CT 06106
Tel: 860-527-7044
Fax: 860-527-4968
Their Attorney

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WILLIAM RONCAIOLI AND ANNE RONCAIOLI,<br>    Plaintiffs,<br><br>v.<br><br>INVESTEC ERNST & COMPANY,<br>ROYCE INVESTMENT GROUP, INC.<br>AND JOSEPH RUDY,<br>    Defendants. | CIVIL ACTION NO.<br>3:02cv2113 (SRU) |

## RULING ON MOTION FOR RECONSIDERATION

The plaintiffs, William and Anne Roncaioli, have moved for reconsideration of my ruling dismissing their claims and denying them summary judgment (doc. # 20). In that ruling, I held that the arbitration panel's decision not to award attorneys' fees was not in "manifest disregard for the law," because the panel could have found for plaintiffs on their common law claims – which do not require an award of attorney's fees – and not on their claims for violation of the Connecticut Uniform Securities Act ("CUSA") – which do. Roncaioli v. Investec Ernst & Co., 2003 WL 22244936 (D. Conn. Sept. 26, 2003). The plaintiffs ask me to reconsider, arguing that (1) there is no way the arbitration panel could have found liability for the common law claims and not the CUSA claims, and (2) the panel's unexplained opinion must be read as finding for the plaintiffs on *all* their claims. Both arguments were addressed in my previous opinion.

As to the first argument, the arbitration panel could very well have found for the plaintiffs on their common-law claims and not on their CUSA claim, because, if nothing else, it was possible the panel found Connecticut law not to apply. Roncaioli, 2003 WL 22244963 at *6. As to the second argument, as I noted in my previous opinion, there is no indication that the law governing review of an arbitrator's award requires a finding that an unexplained favorable ruling

is a favorable ruling on *all* claims. Id. at *5. The additional cases cited by the plaintiffs in their new brief are not to the contrary. See Hardy v. Walsh Manning Securities, LLC, 341 F.3d 126 (2d Cir. 2003) (holding that, although ordinarily a court will infer any ground in support of arbitrator's award, this was not possible where the arbitrator *explicitly* based his award on an impermissible ground); Barbier v. Shearson Lehman Hutton, Inc., 948 F.2d 117 (2d Cir. 1991) (refusing to vacate award on grounds that arbitrator had not ruled on all claims, when it could be inferred from the language of decision that all claims were, in fact, decided).

The rule in the Second Circuit was, and is, that if a ground for an arbitrator's decision can be inferred from the facts of the case, the award should be confirmed. Sobel v. Hertz Warner & Co., 469 F.2d 1211, 1216 (2d Cir. 1972). Nothing in the plaintiffs' papers convinces me that my initial conclusion – that such an inference is possible in this case – was erroneous.

For the aforementioned reasons, the plaintiffs' motion for reconsideration (doc. # 22) is GRANTED, but on reconsideration the relief requested is DENIED.

It is so ordered.

Dated at Bridgeport, Connecticut, this 30th day of April 2004.

/s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge



UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2003 SEP 26  A 8: 58

WILLIAM RONCAIOLI, ET AL.          :
                                    :     Civil Action No.
v.                                  :     3:02 CV 2113 (SRU)
                                    :
INVESTEC ERNST & COMPANY,          :
ET AL.                              :


## RULING ON PENDING MOTIONS

On December 2, 2002, plaintiffs William and Anne Roncaioli filed an Application to Vacate Arbitration Award (doc. #1), seeking to vacate, modify, or correct an arbitration award issued by a National Association of Securities Dealers arbitration panel. The plaintiffs seek to modify the date on which interest on sums due them began running and to correct the arbitration panel's denial of their request for attorneys' fees. The respondents, Investec Ernst & Company ("Investec"), Royce Investment Group, Inc. ("Royce")[1], and Joseph Rudy ("Rudy"), now move to dismiss the plaintiffs' Application to Vacate Arbitration Award on the grounds that, pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, et seq., and 28 U.S.C. § 1391, venue is improper in the District of Connecticut. Alternatively, the respondents move to dismiss the action on the grounds that the plaintiffs have failed to state a claim upon which relief may be granted. Plaintiffs filed a cross-motion for summary judgment on their Application. For the reasons that follow, the motion

---

[1] Following a status conference with the court, the plaintiffs abandoned their claims against Royce. Accordingly, all claims against Royce have been dismissed. Investec and Joseph Rudy are the remaining respondents.

to dismiss is granted and the cross-motion for summary judgment is denied.

STATEMENT OF FACTS

On October 2, 2000, the plaintiffs filed a Statement of Claim against the respondents with the National Association of Securities Dealers. In that claim, the plaintiffs alleged securities fraud, fraud, breach of contract, negligence, and breach of fiduciary duties under both state and federal laws. The plaintiffs sought compensatory damages and interest, punitive damages of not less than $5,000,000, costs, expenses, and, pursuant to the Connecticut Uniform Securities Act, Conn. Gen. Stat. §§ 36b-2, et seq., attorneys' fees, and any other relief that the panel deemed appropriate. On October 3, 2000, the plaintiffs signed a Uniform Submission Agreement, thereby agreeing to abide by any awards rendered pursuant to the Submission Agreement. Under the terms of the Submission Agreement, the plaintiffs further agreed that a judgment and any interest thereon may be entered upon such awards, and for such purposes, the plaintiffs agreed to submit to the jurisdiction of any court competent to enter such judgment.

The arbitration proceeding, which was held in White Plains, New York, consisted of a five-day evidentiary hearing. The panel issued a written award finding Investec and Joseph Rudy jointly and severally liable to the plaintiffs in the amount of $300,000 as of the date of the award. Interest at the rate of 8% per year was awarded from October 28, 2002 until payment of the award. The panel declined to award attorneys' fees.

STANDARD OF REVIEW

*Rule 12(b)(3) Motion to Dismiss for Improper Venue*

When addressing a Rule 12(b)(3) motion to dismiss, the court must accept as true all of the allegations in plaintiffs' complaint and construe all reasonable inferences in plaintiffs' favor. See Dolson v. New York Thruway Auth., 2001 WL 363032 at *1 (S.D.N.Y. Apr. 11, 2001). In defending against such a motion, however, plaintiffs bear the burden of proving that venue is proper. Id. When deciding a motion to dismiss for improper venue, courts may consider materials outside the pleadings. Brennen v. Phyto-Riker Pharm., Ltd., 2002 WL 1349742 *1 n.2 (S.D.N.Y. June 20, 2002) (citing New Moon Shipping Co., Ltd. v. Man B & W Diesel AG, 121 F.3d 24, 26 (2d Cir. 1997)). Should the defendant prevail on its motion, the court still retains discretion to decline to dismiss the case in favor of a transfer to any district where the case could initially have been brought. See id. (citing Minnette v. Time Warner, 997 F.2d 1023, 1026 (2d Cir. 1993)).

*Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim*

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) should be granted only if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. Spalding, 467 U.S. 69, 73 (1984). The function of a motion to dismiss is "merely to assess the legal feasibility of a complaint, not to assay the weight of evidence which might be offered in support thereof." Ryder Energy Distribution Corp. v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984) (quoting Geisler v. Petrocelli, 616 F.2d 636, 639 (2d Cir. 1980)). The motion must therefore be decided solely on the facts

3

alleged. See Goldman v. Belden, 754 F.2d 1059, 1065 (2d Cir. 1985).

When deciding a motion to dismiss for failure to state a claim on which relief can be granted, the court must accept the material facts alleged in the complaint as true, and all reasonable inferences are drawn and viewed in a light most favorable to the plaintiffs. Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996); Staron v. McDonald's Corp., 51 F.3d 353, 355 (2d Cir. 1995); Skeete v. IVF America, Inc., 972 F. Supp. 206, 207 (S.D.N.Y. 1997). The court "must not dismiss the action 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Cohen v. Koenig, 25 F.3d 1168, 1172 (2d Cir. 1994). The issue is not whether the plaintiff will prevail, but whether he should have the opportunity to prove his claims. See Conley v. Gibson, 355 U.S. 41, 45 (1957).

DISCUSSION

*Venue*

Respondents first move to dismiss the Application pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure on the ground that venue does not lie in this district. Respondents argue that venue is proper only in the Southern District of New York, where the arbitration proceedings took place, see 9 U.S.C. § 10(a), or in the Eastern District of New York, where all of the respondents reside, see 28 U.S.C. § 1391(a)(1). As discussed below, however, venue is also proper in the District of Connecticut, pursuant to 28 U.S.C. § 1391(a)(2), because this is a district in which "a substantial part of the events or omissions giving rise to the claim occurred."

Under the venue provisions of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9, if the parties in their arbitration agreement do not specify a jurisdiction in which awards may be

4

confirmed or contested, "then such application may be made to the United States court in and for the district within which such award was made." 9 U.S.C. § 9. Thus, plaintiffs could have brought this action in the Southern District of New York. The Supreme Court, however, has held that the FAA's venue provision must be read permissively, rather than restrictively, to permit a motion to confirm, vacate, or modify an arbitration award either where the award was made or in any district proper under the general venue statute, 28 U.S.C. § 1391. Cortez Byrd Chips, Inc. v. Bill Harbert Constr. Co., 529 U.S. 193, 204 (2000).

The Application alleges diversity jurisdiction under 28 U.S.C. § 1332. Accordingly, the venue statute applicable to this action is 28 U.S.C. § 1391(a), which provides:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which the defendants are subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a).

The respondents, Investec and Joseph Rudy, both reside in the Eastern District of New York. Aff. of Edward Boyle, ¶ 4. Accordingly, venue is proper in the Eastern District of New York. Under 28 U.S.C. § 1391(a)(2), however, venue is also proper in the district in which a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(a)(2). The plaintiffs argue that venue is proper in the District of Connecticut because: (1) the relationship between the parties arose from a series of meetings that took place in Windsor, Connecticut; (2) the agreements that gave rise to the plaintiffs' arbitration claim were completed in Connecticut; (3) the plaintiffs transferred money from Connecticut to the respondents in New

5

York in order to complete the investment transactions that were the subject of the arbitration dispute; (4) the plaintiffs' communications with the respondents were made from Connecticut; (5) the respondents contacted the plaintiffs in Connecticut regarding the investment transactions; and (6) all monthly investment statements remitted by the respondents were sent to the plaintiffs in Connecticut. Aff. of William Roncaioli, ¶ 3 - 9. The respondents contend that venue is improper in Connecticut because the most substantial contacts relating to the action – the performance of the arbitration agreement – occurred in New York.

Section 1391(a)(2) "does not require that the plaintiffs establish that [Connecticut] has the most substantial contacts to the dispute; rather it is sufficient that a substantial part of the events occurred [there], even if a greater part of the events occurred elsewhere." Jannus Group, Inc. v. Indep. Container, Inc., 1998 U.S. Dist. LEXIS 13106 at *4 (S.D.N.Y. Aug. 24, 1998) (internal citations omitted). The "substantial part" standard set forth in section 1391(a)(2) is liberal and "may be satisfied by a communication to or from the district in which the cause of action was filed, given a sufficient relationship between the communication and the cause of action." TBV Holdings, Ltd. v. Schey, 2002 U.S. Dist. LEXIS 13682 at *4 (quoting Sacody Tech., Inc. v. Avant, Inc., 862 F. Supp. 1152, 1157 (S.D.N.Y. 1994)). Here, a series of meetings and communications regarding the parties' investment relationship took place in Connecticut. Because these meetings and communications constituted a "substantial part" of the events that gave rise to the dispute and the subsequent arbitration proceedings, venue is proper in the District of Connecticut. Accordingly, the motion to dismiss is denied to the extent that it seeks dismissal of the Application due to improper venue.

*Failure to State a Claim*

The respondents also move to dismiss the Application to Vacate Arbitration Award on the ground that the plaintiffs have failed to state a claim. "The party seeking to vacate or modify an arbitration award bears the burden of proof, and the showing required of that party in order to avoid summary affirmance of the award is high." Campbell v. Cantor-Fitzgerald & Co., Inc., 21 F. Supp. 2d 341, 343-44 (S.D.N.Y. 1998); DeGaetano v. Smith Barney, Inc., 983 F. Supp. 459, 461 (S.D.N.Y. 1997) (citation omitted); see also Ottley v. Schwartzberg, 819 F.2d 373, 376 (2d Cir. 1987); Folkways Music Publishers v. Weiss, 989 F.2d 108, 111 (2d Cir. 1993). Arbitration awards are subject to "very limited review" to avoid undermining the goals of arbitration, namely, settling disputes efficiently and avoiding lengthy and expensive litigation. Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp., 103 F.3d 9, 12 (2d Cir.1997) (quoting Folkways Music, 989 F.2d at 111). "[T]he court's function in confirming or vacating an arbitration award is severely limited." Areca, Inc. v. Oppenheimer & Co., Inc., 960 F. Supp. 52 (S.D.N.Y. 1997) (citations omitted).

The FAA provides that an award may be vacated if: (1) the award was procured by corruption, fraud or undue means; (2) the arbitrators exhibited "evident partiality" or "corruption;" (3) the arbitrators were guilty of misconduct; or (4) the arbitrators exceeded their power. See generally 9 U.S.C. § 10(a); Halligan v. Piper Jaffray, Inc., 148 F.3d 197, 202 n.3 (2d Cir. 1998). Misconduct warranting vacatur pursuant to section 10(a) of the FAA must be serious; it "must amount to a denial of fundamental fairness of the arbitration proceeding." Areca, 960 F. Supp. at 54-55 (citations omitted). To prove evident partiality of the arbitration panel, a party must demonstrate "more than just the 'appearance of bias.'" Id. at 56 (citations omitted).

7

In addition to the statutory grounds for vacatur, the Second Circuit also recognizes that an arbitration award may be vacated if it is in "manifest disregard of the law." Halligan, 148 F.3d at 201-02; Wilko v. Swan, 346 U.S. 427, 436-37 (1953). The "manifest disregard" test is rigorous. It requires "something beyond and different from a mere error in the law or failure on the part of the arbitrators to understand or apply the law." Siegel v. Titan Indus. Corp., 779 F.2d 891, 892 (2d Cir. 1985). To modify or vacate an award on this ground, a court must find that: "(1) the arbitrators knew of a governing legal principle yet refused to apply it or ignored it altogether, and (2) the law ignored by the arbitrators was well defined, explicit, and clearly applicable to the case." Halligan, 148 F.3d at 202 (citing DiRussa v. Dean Witter Reynolds Inc., 121 F.3d 818, 821 (2d Cir. 1997), cert. denied, 522 U.S. 1049 (1998)).

Plaintiffs seek to vacate the award of the arbitration panel on the grounds that the panel failed to follow the mandates of CUSA by awarding interest over an improper period and by declining to award attorneys' fees. Such failures, the plaintiffs contend, constitute a manifest disregard for the law sufficient to permit this court to vacate the panel's award. The respondents argue that vacatur is unwarranted because there is nothing to suggest that the panel's decision was predicated, in whole or in part, on plaintiffs' CUSA claim.

In their Statement of Claim initiating the arbitration, plaintiffs submitted eight separate theories of recovery, including a claim under CUSA. Ultimately, the panel ruled in plaintiffs' favor and found respondents Investec and Rudy jointly and severally liable in the amount of $300,000. Although the panel acknowledged that the "[c]laimants asserted the following causes of action: securities fraud in violation of state and federal statutes; fraud; breach of contract; negligence; unauthorized trading; excessive trading; misrepresentation; and breach of fiduciary

8

duty," the panel did not explain how it had reached its decision, nor did it articulate a rationale adopting a particular theory of recovery. The plaintiffs contend that this court should presume that the panel ruled in their favor on the CUSA claim because the claim was presented at all stages of the proceeding and the panel never dismissed it. To support this argument, plaintiff relies on Cotton v. Slone, 4 F.3d 176, 181 (2d Cir. 1993), for the proposition that when a court makes a general award in plaintiff's favor on a complaint alleging multiple state and federal law causes of action, the reviewing court must presume that the plaintiff has established all theories of recovery alleged in the complaint. Cotton, however, is distinguishable from the case at bar in that the judgment to be reviewed was a default judgment entered by the district court, not the substantive decision of a panel of arbitrators. The award in this case was not rendered as a result of procedural default, so there is no reason to presume that the panel found in favor of plaintiffs on all of their many claims.

Moreover, it is axiomatic that arbitrators need not give reasons for their determinations. Folkways Music Publishers, Inc. v. Weiss, 989 F.2d at 112; GFI Securities LLC v. Labandeira, 2002 WL 460059 at *5 (S.D.N.Y. Mar. 26, 2002). A lack of accompanying justification for the decision will not render the award in manifest disregard of the law. Id. Any ambiguity in the award must be resolved, if possible, in a manner supporting the award's confirmation. Maze v. Prudential Secs., Inc., 1993 WL 515375 at *2 (S.D.N.Y. Dec. 8, 1993).

The Second Circuit has held that "if a ground for the arbitrator's decision can be inferred from the case, the award should be confirmed." Sobel v. Hertz, Warner & Co., 469 F.2d 1211, 1216 (2d Cir. 1972); see also Willemijn Houdstermaatschappij, 103 F.3d at 13. If there is "even a barely colorable justification for the outcome reached," the court must confirm the arbitration

9

award. Areca, 960 F. Supp. at 57. Although it is difficult to apply this standard of review in circumstances where the panel proffers no explanation for its decision, a reviewing court must still evaluate the conduct and conclusion of the arbitrators to determine whether the allegedly disregarded law was applicable and ignored. Willemijn Houdstermaatschappij, 193 F.3d at 12; Areca, 960 F. Supp. at 57.

The arbitration panel that heard plaintiffs' claims issued a brief, eight-page decision that did not articulate its reasoning, but did summarize the claims presented for arbitration and the respondents' defenses to those claims. Although the plaintiffs' CUSA claim was presented throughout the arbitration proceeding, there is no indication in the decision that the CUSA claim, rather than one or more of the other claims presented, was the predicate for the panel's decision in favor of the plaintiffs. It is not even clear whether the panel applied New York or Connecticut law when deciding the claims. The panel's decision could have been based on any of the surviving claims, e.g., breach of fiduciary duty or breach of contract. Indeed, all of the pleadings submitted to the panel indicate that multiple theories of recovery were presented and challenged throughout the arbitration proceedings. Moreover, given that the panel knew that CUSA was one possible theory of recovery alleged, its decision to deny the request for attorneys' fees and its determination of the calculation of interest suggest that CUSA was not the theory of recovery on which the panel relied. Absent more conclusive evidence showing that the panel based its decision on the plaintiffs' CUSA claim, cf. DeGaetano v. Smith Barney, Inc., 983 F. Supp. at 463 (determining that award "must have been based on a finding of liability under the employment discrimination statutes" because the single common law claim was brought against only one of the respondents, yet all were found liable), or that the panel engaged in misconduct in conducting the

10

proceedings, there are no grounds to warrant vacatur of the arbitration award.

For the foregoing reasons, the motion to dismiss for failure to state a claim is granted and the cross-motion for summary judgment is denied.

## CONCLUSION

Respondent's Motion to Dismiss Application to Vacate Arbitration Award (doc. # 8) is GRANTED; plaintiffs' Motion for Summary Judgment (doc. # 10) is denied. The clerk shall close this file.

It is so ordered.

Dated at Bridgeport this 25th day of September 2003.

/s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge